Aron Steuer, J.
The petition seeks the same relief that was denied to a different petitioner in Matter of 180 East 79th St. v. Temporary State Housing Rent Comm. (N. Y. L. J., Jan. 27, *433 1958, p. 6, col. 2, affd. 5 A D 2d 972, motion for leave to appeal denied 4 N Y 2d 678). . The relief there sought was to set aside and declare void subdivision 18 of section 9 of the State Rent and Eviction Regulations (Arndt. 69, Sept. 16, 1957). Petitioners concede that on all grounds of attack which were embraced in the prior application they are precluded by the earlier determination because of the doctrine of stare decisis. While the parties are in accord on this proposition and it will be accepted by the court, they are not in agreement as to what objections were raised.
However, the following are not in dispute. The subsection provides for decontrol of apartments, the rental of which exceeds certain amounts. Respondent fixed the figure and made other provisions for determining what apartments came within the class to be decontrolled by a determination after investigation and public hearings. The first factor which governed the respondent’s determination was the amount of available housing accommodations in the city of a comparable class. Having ascertained this figure he sought to fit the regulation so that the number of apartments decontrolled would equal or closely approximate this number. This general method is not now attacked, it being conceded that procedure along this line is within the respondent’s power. Nor is anything submitted to call into question the accuracy of his calculations. The opposition to this regulation is that it results in capricious distinctions.
Even as to these petitioner concedes some preclusions. Four-room or smaller apartments renting for $5,000 a year unfurnished, and $6,000 a year furnished are decontrolled. As to this figure petitioners concede that its propriety has been passed upon. As to larger apartments the regulation makes decontrol dependent on the number of occupants. Petitioners claim that the validity of this portion of the regulation was not raised. Actually it was.
There remain two grounds of objection. One is the rigidity of the $5,000 figure. The argument sounds better when the monthly rent is considered, $416.66. Suppose, it is argued, the rental was $416.60, it is discriminatory not to decontrol the apartment. The argument loses sight of all practicality. Some figure must be adopted. If allowance is made for rentals closely approaching that figure, the lower amount becomes the standard and rentals closely approaching that figure will have to be included and so on ad infinitum.
Lastly the petitioner objects to the date fixed in the regulation as the time as to which the eligibility for decontrol is *434 to be determined. The specific date is not objected to but it is claimed that the regulation should provide that if at any time the rental and occupancy conditions come within the standards fixed the apartment should be decontrolled. For more than one reason the respondent’s selection of a set-off date is not arbitrary. It must be remembered that the regulation is made in connection with the existing condition as to available housing, and that this is a proper exercise of his functions. If the number of decontrolled apartments is subject to change by the subsequent approval of rent increases the balance will be upset. Secondly, the whole field of rent control is designed to be flexible in that it can be accommodated to changing conditions. In the various regulations dates are found with frequency. The history of regulation shows that those dates are being constantly changed to meet changes in conditions. Should conditions warrant a change in this date then will be the time to assert that its retention is arbitrary.
Motion denied.